## Commonwealth v. Galloway.

(Decided May 9, 1924.)

## Appeal from Henderson Circuit Court.

1. Intoxicating Liquors—No Unlawful Issuance of Prescriptions for Intoxicating Liquors Under State Laws.—Acts Ky. 1922, c. 33, section 32, providing that physicians may issue prescriptions for intoxicating liquors under restrictions of National Prohibition Act (U. S. Comp. Stats., section 10138¼ et seq.), does not prohibit their issuance in any other way, and it is no offense under state laws to issue prescriptions in another way notwithstanding Acts Ky. 1922, c. 33, section 42.

2. Criminal Law—Grant of Privilege Not Construed Into Prohibition.—Mere statutory grant of privilege to do anything in a particular way may not be construed into prohibition against doing that thing in any other way.

FRANK E. DAUGHERTY, Attorney General, GARDNER K. BYERS, Assistant Attorney General, and TALBOTT BERRY for appellant.

YEAMAN, PENTECOST & YEAMAN for appellee.

Opinion of the Court by Turner, Commissioner—Affirming.

Appellee, a practicing physician who held a permit from the federal prohibition commissioner to prescribe intoxicating liquors for medicinal purposes under the regulations of the federal Prohibition Enforcement Act, was indicted by the grand jury of Henderson county in this state, charged with unlawfully and knowingly issuing a prescription for intoxicating liquors when he did not in good faith believe, after a careful physical examination, or upon the best information obtainable, that the use of the liquor so prescribed for the person to whom the prescription was issued was necessary and would afford relief to such person from some known ailment.

The indictment is practically in the language of the federal Enforcement Act prohibiting the issual of such prescriptions except under the restrictions and conditions named therein. The Kentucky Enforcement Act creates no such offense, nor does it prescribe any restrictions under which such prescriptions may be issued. Nowhere in the Kentucky act is there any prohibition against the issual of such prescriptions by physicians, or fixing

any penalty for the issual of same except under named restrictions.

Subsection 32 of our Enforcement Act is the only part of it which deals directly with such restrictions, and that section is as follows:

> "Physicians may issue and pharmacists may fill prescriptions for intoxicating liquors, under the restrictions of the national federal law."

Clearly this is no requirement that they may not be issued in any other way than under such restrictions, nor is there a penalty prescribed for their issual otherwise than under such restrictions. On the contrary, it is a mere permissive right to issue the same under such federal restrictions, and the failure to make such issual in any other way an offense under the state law, and the failure to prescribe a penalty for such issual make it apparent that the statute is only permissive in its terms, and that there is no such offense under the state statute.

Subsection 33 requires physicians to keep duplicates on file in alphabetical order of all prescriptions issued by him, and to keep the same open to inspection by certain officials.

Subsection 35 limits the quantity of such liquor which may be prescribed by physicians, and how often any such liquors may be prescribed by them for any one person.

But it may be said that under the provisions of subsection 42 of the Kentucky act a penalty is fixed in general terms for the failure to issue the prescription under the restrictions of the federal act. That section provides:

> "A failure to comply with any of the provisions of this act shall be a misdemeanor, and upon conviction, where no other penalty is specifically provided, the punishment fixed in Section 2 of this act shall be inflicted."

A complete answer to this is that there is no requirement in subsection 32 that physicians shall issue such prescriptions only under the restrictions of the federal act, and not otherwise; but the language is susceptible of no other interpretation than that it is merely permissive. It seems therefore to necessarily follow that as there is no such offense created under the Kentucky act as the issuing of prescriptions by physicians except under the restrictions of the federal act, there could

have been no purpose by subsection 42 to prescribe a penalty for a misdemeanor which was not created by the act.

Subsection 33 imposes the absolute duty upon a physician of keeping duplicates of prescriptions on file and that they shall be open to inspection; and subsection 35 imposes upon him the duty of not issuing such prescription for more than one pint of such liquors at one time, and prohibits him from issuing such prescription to any one person at intervals of less than ten days. These are absolute duties imposed upon the physician, and a failure to comply with any of them may be said to be embraced within the blanket penalty provisions of subsection 42.

But the language of subsection 32 is far short of imposing any duty upon the physician not to issue any prescription except under the restrictions of the federal act; on the contrary the language itself is only permissive in terms and imposes upon the physician no duty not to issue such prescriptions otherwise than under such restrictions, and contains no language which may be construed as a prohibition against such issual except in a certain manner.

The act obviously contemplates the issual of prescriptions for liquors by physicians for medicinal purposes, and as the mere permissive right to issue them under the restrictions of the federal act cannot be construed as an inhibition against their issual in any other way, it seems clear there is no such duty imposed by the state act.

The act is a penal one, and we cannot give our consent to read into it by inference an intention to create an offense and fix a penalty therefor when the language used is only the granting of permission to do a thing in a particular way without prohibiting the doing of that thing in any other way. In a penal statute the mere granting of the privilege to do a thing in a particular way may not be construed into prohibition against doing that thing in any other way, especially when the whole act contemplates the doing of that thing in some way.

This view makes it wholly unnecessary to pass upon the other questions discussed.

Judgment affirmed.

Whole court sitting.